IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JENNIFER SHORT, as Administratrix
of the Estate of Rick L. Short,

           Plaintiff,

v.                          CIVIL ACTION NO. 3:20-0552

WEST VIRGINIA DIVISION OF
CORRECTIONS AND REHABILITATION
(formerly West Virginia Regional Jail and Correctional Facility Authority);
C. O. DORSEY, individually and in his official capacity
as a correctional officer at Western Regional Jail; and
JOHN DOE, unknown employees or agents of the above
entity, in their individual capacities, and as employees of
agents or the above entity,

           Defendants.

**ORDER**

Pending before the Court is Plaintiff's "Motion for Leave to File an Amended Complaint and Identify Doe Defendant as Kim Wolfe, Individually and in His Official Capacity as Administrator of Western Regional Jail, per Fed. R. Civ. P. 15(a)(2)." ECF No. 11. For the reasons that follow, the Motion is **GRANTED**.

**I. BACKGROUND**

On August 20, 2019, Plaintiff filed a complaint in the Circuit Court of Cabell County, West Virginia against Defendants West Virginia Division of Corrections and Rehabilitation ("WVDCR"), Correctional Officer Joseph Dorsey, and "John Doe, unknown employees or agents of the above entity, in their individual capacities, and as employees or agents of the above entity." Compl. 1, ECF No. 1-2. The lawsuit was brought on behalf of the estate of Rick L. Short, a pretrial

detainee at Western Regional Jail who died in WVDCR custody. The Complaint alleged that the Defendants are collectively liable for negligence, medical professional negligence, and violations of the Due Process Clause of the United States Constitution. *Id.* at ¶¶ 16–38. During the case's pendency in West Virginia state court, Counsel for the Defendants filed a motion to dismiss alleging that Plaintiff filed her Complaint without proper notice and had failed to timely serve the Defendants. ECF No. 1-2, at 26–30. Plaintiff then filed an Amended Complaint alleging additional torts and breaches of West Virginia regulations and jail policies. ECF No. 1-2, at 36–42.

On August 20, 2020, Defendant Dorsey filed a Notice of Removal to this Court. ECF No. 1. The Court entered a Scheduling Order on October 7, 2020, which provided that any motions to amend the pleadings were to be filed by February 10, 2021. ECF No. 7. On January 11, 2021, Plaintiff filed the instant Motion. ECF No. 11. Defendants filed a timely Response on January 25, 2021, and Plaintiff's Reply was filed the following day. ECF Nos. 14, 15.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides "[t]he court should freely give leave when justice so requires." The Fourth Circuit has held that leave to amend "should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (emphasis in original).

## III. DISCUSSION

Plaintiff seeks leave to file an amended complaint so that she may identify the previous "Doe defendant" as Kim Wolfe, the former Western Regional Jail Administrator. Mot. 1. Plaintiff alleges that Wolfe was the administrator of Western Regional when Rick Short was housed there in 2017. Pl.'s Mem. 2, ECF No. 12. Plaintiff states that in December 2020, she obtained deposition

testimony of Wolfe that "confirmed Mr. Wolfe's deliberate indifference to the safety, mental health and physical well being of inmates in the facility, including Rick Short." *Id.* She also asserts that discovery responses from Defendant WVDCR have "reflected Wolfe's indifference to legislative rules and agency policy intended for the safety and protection of suicidal inmates such as Rick Short." *Id.* Finally, she alleges that Plaintiff counsel's own investigation has revealed what she characterizes as "gross negligence and deliberate indifference in the housing, monitoring, treatment, etc. of Rick Short and inmates similarly situate[d] to Rick Short." *Id.*

In opposition to the Motion, Defendants WVDCR, Dorsey, and "John Doe" argue that leave to amend is being sought "in bad faith." Defs.' Resp. 3. Defendants characterize the amendment as an "attempt to circumvent the Rules of Evidence and permit prior allegations against Kim Wolfe to be presented as fact . . . ." *Id.* Defendants aver that Plaintiff's Amended Complaint summarizes deposition testimony from unrelated actions and references lawsuits filed by other inmates at Western Regional. *Id.* In their view, the Amended Complaint "is nothing more than a blatant attempt to allow the Court to consider impermissible evidence against Kim Wolfe at the onset of this litigation" in violation of the Federal Rules of Evidence. *Id.* at 4.

The Federal Rules of Evidence "apply to proceedings in United States Courts." Fed. R. Evid. 101. While the Amended Complaint and the statements contained therein may or may not be admissible at trial, the Plaintiff's inclusion of possible hearsay in the Amended Complaint is not a sufficient ground for the Court to deny leave to amend. Moreover, the inclusion of hearsay in a pleading does not itself amount to an act of bad faith. "Bad faith includes seeking to amend a complaint for an improper purpose or seeking leave to amend after repeated 'pleading failures.'" *Wilkins v. Wells Fargo Bank, N.A.*, 320 F.R.D. 125, 127 (E.D. Va. 2017) (internal citations omitted); *see Peamon v. Verizon Corp.*, 581 F. App'x 291, 292 (4th Cir. 2014) (finding amended

was sought in bad faith when the plaintiff "merely sought to artificially inflate his damages in order to obtain subject matter jurisdiction"). Defendants have failed to convince the Court that such an improper purpose underlies Plaintiff's request to amend.

Defendants further suggest that the amendment is dilatory, asserting that "Plaintiff had a basis for naming Kim Wolfe as a defendant when she initially filed her Complaint, given that she should have reasonably known that Kim Wolfe was Administrator of Western Regional Jail at the time of Mr. Short's incarceration and the allegations of violations of regional jail related regulations, policies, and procedures." Defs.' Resp. 5–6. This argument is remiss. Mere knowledge that Wolfe was Administrator of the jail could not, on its own, "serve as a factual or legal basis for [Plaintiff] to sue Mr. Wolfe." Pl.'s Reply. 1, ECF No. 15. Irrespective of when Plaintiff knew she had a basis to name Wolfe, she did so within the time required by the Court's Scheduling Order. *See* ECF No. 7.

Moreover, even if Plaintiff's amendment is dilatory in nature, "delay alone is not [a] sufficient reason to deny leave to amend." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986). To deny leave, the plaintiff's "delay must be accompanied by prejudice, bad faith, or futility." *Id.* at 510 (citing *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980)). Having found that the Defendants have failed to show leave to amend is being sought in bad faith— and noting that they did not argue the amendment is prejudicial or futile—the Court concludes that the amendment is proper.

Rule 15's declaration that leave "shall be freely given when justice so requires," is a clear mandate the courts have been instructed to obey. *Id.* at 509 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Here, the Defendants have failed to produce a compelling reason why leave should be denied.

## IV. CONCLUSION

Accordingly, Plaintiff's Motion for Leave is **GRANTED**. ECF No. 11. The Court **DIRECTS** the Clerk's Office to file the Amended Complaint, which is currently docketed at ECF No. 11-1.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: March 25, 2021

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE